UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20591-CIV-SEITZ/O'SULLIVAN

NADIA DENIS,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Defendant/Third Party Plaintiff,

v.

THE ESTATE OF JEAN M. DENIS, et al.,

    Third Party Defendant
_____/

## ORDER FOLLOWING STATUS CONFERENCE

THIS MATTER is before the Court following a Status Conference held on July 15, 2010, and upon the pending Motion For Summary Judgment [DE-28], Cross-Motion To Interplead [DE-34] and Motion To Strike [DE-39]. As discussed at the Status Conference, the Court will deny Plaintiff's Motion For Summary Judgment and grant Prudential's Cross-Motion To Interplead.

First, Plaintiff's Motion For Summary will be denied because Prudential has come forth with sufficient evidence to raise a triable issue on its affirmative defense that Plaintiff intentionally and unlawfully killed Jean Denis. While Plaintiff has not been arrested or formally charged with killing Jean Denis, Prudential need not present a conviction to successfully raise the defense. *Congleton v. Sanson*, 664 So. 2d 276, 280 (Fla. 1st DCA 1995). Moreover, the undisputed evidence shows that the Federal Bureau of Investigation ("FBI") is still investigating Jean Denis's murder, considers

Plaintiff to be the only suspect, and has asked Prudential not to pay her death benefits.[1]

Second, Prudential's Motion To Interplead will be granted because Prudential is willing to deposit the death benefits on Jean Denis's life insurance policy with the Court and it may become liable to the Estate if it is determined that Nadia Denis was responsible for Jean Denis's death. *See Genworth Life Ins. Co. v. Sehorne*, 2008 U.S. Dist. LEXIS 30369 (M.D. Fla. Apr. 1, 2008) (granting life insurance company's motion to interplead because of pending criminal investigation of the primary beneficiary). Prudential will be dismissed with prejudice and this action will remain between Nadia Denis and the Estate of Jean M. Denis ("the Estate").

However, despite the fact that the criminal investigations are still pending, the Estate represented during the Status Conference that it intends to stipulate with Denis that this case be dismissed and Prudential's funds to be distributed to Denis. The Parties also informed the Court that the probate court was not on notice of the criminal investigations when it granted Plaintiff's petition for summary administration and it does not appear that the Estate has ever advised the probate court or Jean Denis's relatives of the pending investigation. Because this Court does not have jurisdiction over probate matters and does not possess *sua sponte* investigative powers, it will

---

[1] While Plaintiff's Motion To Strike [DE-39] is mostly well taken, the Motion does not attempt to exclude all of the evidence Prudential has presented concerning the FBI's investigation and, therefore, does not preclude the Court from denying Denis's Motion For Summary Judgment. Plaintiff correctly argues that a court is not to consider statements based "upon information and belief" in an affidavit filed in response to a motion for summary judgment. *See Pace v. Capobianco*, 293 F.3d 1275, 1278 (11th Cir. 2002). As a result, the Court cannot consider Paragraphs 10 through 15 of the Affidavit of Frank Dillon ("Dillon") [DE-34-3], which are based "upon information and belief." Moreover, while the Court can consider Dillon's notes of his conversation with Nadia Denis as they reflect the statements of an opposing party, it cannot consider Dillon's notes of his conversation with the proprietor of Postell's Mortuary as the statements reflected therein constitute double hearsay. *See Jessup v. Miami-Dade Cty.*, 2010 U.S. Dist. LEXIS, at **21-22 (Seitz, J.). Accordingly, the Motion To Strike is granted in-part and the Court has not considered in its resolution of Plaintiff's Motion For Summary Judgment any of the following: Paragraphs 10 through 15 of the Dillon Affidavit, Dillon's notes of his interview with Postell Mortuary's director and the unauthenticated letter from Jonathan Solomon to Richard Marquez.

However, that still leaves Paragraph 16 of the Dillon Affidavit, which Plaintiff does not challenge, in which Dillon describes the FBI's intention to continue to investigate the case with Nadia Denis as the prime suspect and the FBI's instruction to Prudential that it not pay Nadia Denis the death benefits on Jean Denis's policy. This evidence is sufficient to raise a material issue of fact as to Prudential's affirmative defense based on Florida's slayer statute.

forward a copy of this Order to the court supervising the Estate in this matter to enable it to take whatever action it deems appropriate. Accordingly, it is hereby

ORDERED THAT

(1) Plaintiff's Motion To Strike [DE-39] is GRANTED IN-PART and DENIED IN-PART as described in note 1, *supra*.

(2) Plaintiff's Motion For Summary Judgment [DE-28] is DENIED.

(3) Prudential's Cross-Motion To Interplead [DE-34] is GRANTED. Prudential shall deposit $499,995.81, plus interest, with the Court Registry no later than **July 27, 2010.** Prudential may file an extension if it needs additional time to take the necessary administrative steps to deposit the death benefit proceeds. The Court will enter a final order of dismissal as to Prudential once Prudential makes the deposit and files a notice to this effect.

(4) If Plaintiff and the Estate continue to agree that the action be dismissed, they should file a stipulation of dismissal no later than **July 29, 2010.**

(5) Finally, Prudential should consult with Plaintiff to determine whether Prudential can file an agreed motion for costs and attorneys' fees. Whether or not it obtains Plaintiff's approval of its fee request, Prudential should file its motion for costs and attorneys' fees no later than **August 13, 2010.**

DONE and ORDERED in Miami, Florida, this 16th day of July, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record/*Pro Se* Parties
The Honorable John F. Laurent, Probate Division, 10th Judicial Circuit, Polk County, Florida